# UNITED STATES DISTRICT COURT

# FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| JAMES THIELE, | Case No.: 1:20-cv-1727 JLT BAK (BAM) |
| Plaintiff, | ORDER GRANTING PLAINTIFF'S MOTION TO REMAND CASE TO STATE COURT AND DENYING PLAINTIFF'S MOTION TO AWARD COSTS AND ATTORNEY'S FEES, AND IMPOSE SANCTIONS |
| v. | |
| TRAVELCENTERS OF AMERICA INC., et al. | |
| Defendants. | (Doc. 8) |

James Thiele asserts he slipped and fell at the TA Wheeler Ridge truck stop and seeks to hold Defendants liable for his injuries. Plaintiff contends the Court lacks subject matter jurisdiction and seeks a remand of the action to the state court. (Doc. 8.) Defendants oppose remand, arguing the Court has diversity jurisdiction over the action. (Doc. 11.)

The Court finds the matter is suitable for decision without oral argument, and no hearing will be held pursuant to Local Rule 230(g). For the reasons set forth below, Plaintiff's motion to remand is **GRANTED IN PART AND DENIED IN PART.**

## I.     Background and Procedural History

James Thiele filed this action in the Superior Court of California, County of Kern (No. BCV-20-102059) on September 2, 2020, alleging negligence and premises liability claims arising from a slip and fall in a shower facility located on Defendants' business premises. (Doc. 1, Ex. 1. at 3–5.) Thiele asserts Defendants maintained responsibility over the premises where his injury occurred and failed to

1

provide a safe environment.  (*Id.* at 2–3.)  As a result of this failure, Thiele alleges, he suffered injuries including physical and emotional pain and suffering.  (*Id.* at 4.)

Defendants removed the action to this Court under 28 U.S.C. § 1446 on December 8, 2020.  (Doc. 1.)  Plaintiff filed this motion requesting that the Court remand the case to state court on January 11, 2021.  (Doc. 8.)  In the same motion, Plaintiff requested that the Court award Plaintiff costs and attorney's fees and impose sanctions upon Defendants' counsel under Rule 11 of the Federal Rules of Civil Procedure.  (*Id.*)  Defendant timely filed its opposition to the motion on January 25, 2021.  (Doc. 11.)  Plaintiff timely filed a reply on February 1, 2021.[1]  (Doc. 14.)

## II. Diversity Jurisdiction

Federal district courts maintain jurisdiction over civil actions between citizens of different states when the amount in controversy exceeds $75,000.  28 U.S.C. § 1332(a)(1).  Plaintiff contests the existence on diversity jurisdiction on two grounds.  First, Plaintiff alleges complete diversity does not exist between adverse parties.  (Doc. 8 at 18.)  Second, Plaintiff alleges Defendants fail to establish the amount in controversy exceeds $75,000.  (*Id.* at 20.)

### A. Diversity of Parties

Diversity jurisdiction arises only when complete diversity exists, meaning that no plaintiff may be from the same state as any defendant.  *Abrego v. Dow Chem. Co.*, 443 F.3d 676, 679 (9th Cir. 2006).  A civil action filed in state court may not be removed to federal court if any of the defendants is a citizen of the state in which the action is brought.  28 U.S.C. § 1441(b)(1).  When a party removes a case to federal court under 28 U.S.C. § 1446, that party bears the burden of establishing jurisdiction exists.  *Kokkonen v. Guardian Life Ins. Co. of Am.*, 511 U.S. 375, 377 (1994); *Gaus v. Miles, Inc.*, 980 F.2d 564, 566 (9th Cir. 1992).

Diversity jurisdiction does not arise when a non-diverse defendant is fraudulently joined as a sham defendant.  *See Caterpillar, Inc. v. Lewis*, 519 U.S. 61, 68 (1996); *Kruso v. Int'l Tel. & Tel. Corp.*, 872 F.2d 1416, 1426 (9th Cir. 1989); *Nasrawi v. Buck Consultants, LLC*, 776 F. Supp. 2d 1166,

---

[1] As the parties were informed on December 9, 2020, the Eastern District of California is in an ongoing state of judicial emergency.  (*See* Doc. 2-3.)  The action, including the motion now pending before the Court, was assigned to the undersigned on January 10, 2022.  (*See* Doc. 21.)

1175 (E.D. Cal. 2011).  Joinder is deemed fraudulent if the plaintiff fails to state a cause of action against the non-diverse defendant, and "[t]hat failure is obvious according to the well-settled rules of the state."  *Nasrawi*, 776 F. Supp. 2d at 1175; *see also Briano v. Conseco Life Ins. Co.*, 126 F. Supp. 2d 1293, 1296 (C.D. Cal. 2000) (explaining a court must find "there is absolutely no possibility that the plaintiff will be able to establish a cause of action against the non-diverse defendant in state court").  "[A]ny doubt about the right of removal requires resolution in favor of remand."  *Moore-Thomas v. Alaska Airlines, Inc.*, 553 F.3d 1241, 1244 (9th Cir. 2009) (citing *Gaus*, 980 F.2d at 566).

Courts may examine potentially fraudulent joinder by engaging in a "summary inquiry" to "identify the presence of discrete and undisputed facts that would preclude plaintiff's recovery against the in-state defendant . . ."  *Hunter v. Philip Morris USA*, 582 F.3d 1039, 1044 (9th Cir. 2009) (citation omitted).  The court can "look beyond the pleadings to determine if a defendant was fraudulently joined."  *Nasrawi*, 776 F. Supp. 2d at 1170.  Courts maintain a general presumption that the inclusion of a non-diverse defendant is not for the purposes of creating a sham defendant.  *See Hamilton Materials, Inc. v. Dow Chem. Corp.*, 494 F.3d 1203, 1206 (9th Cir. 2007).  Thus, "[f]raudulent joinder must be proven by clear and convincing evidence."  *Id.*

### 1.     Defendant Sierra

Plaintiff, a resident of California, argues that diversity jurisdiction does not exist because Defendant Carlos Sierra is also a resident of California.  (Doc. 8 at 19.)  Plaintiff argues that Sierra maintained responsibility over the subject premises at the time of Plaintiff's injury.  (Doc. 1-1 at 2.)  Plaintiff further points to "a photograph obtained by prior counsel which depicted Mr. Sierra's business card on the wall of a TA location."  (Doc. 8 at 17; Ex. C.)  Sierra acknowledges in a declaration in support of the Notice of Removal that he is a California resident, and that he is an employee of Defendants Travelcenters of America Inc. and TA Operating LLC, but denies that he was employed at the location where Plaintiff's alleged injuries occurred.  (Doc. 1-4 at 1–2.)

Defendants respond that Sierra was joined fraudulently because Plaintiff has not established the basis for a cause of action against Sierra.  (Doc. 11 at 8.)  Plaintiff has pled a single claim of negligence against Sierra, which requires a showing of "(a) a legal duty to use care; (b) a breach of such legal duty [and] (c) the breach as the proximate or legal cause of the resulting injury."  *Ladd v. Cty. Of San Mateo*,

3

12 Cal. 4th 913, 917 (1996).  Defendants argue that Plaintiff has not adequately pled this claim because Sierra owed Plaintiff no duty of care.  Defendants assert: (1) Sierra has never worked at the premises in question nor had responsibility for the premises; (2) Sierra was not present on the premises on the event that Plaintiff's injuries occurred; (3) Sierra had no involvement with the Plaintiff.  (Doc. 11 at 9.)

In his complaint, Plaintiff states that Sierra "was responsible for the maintenance of the truck stop and/or premises at the time of Plaintiff's slip and fall, was responsible to verify that there was in place a policy which provided for the maintenance of the truck stop and/or premises according to industry standards, was responsible for the training and education of the restaurant employees who were tasked with conducting the maintenance of the truck stop and/or premises, and was responsible for verifying that the truck stop and/or premises be maintained according to industry standards and sufficient policies and procedures."  (Doc. 1-1, at 2.)  These statements in Plaintiff's complaint, if proved, would establish that Sierra owed Plaintiff a duty of care.  Though Defendants contest the factual circumstances surrounding Sierra's employment and responsibilities over the premises, disputed questions of fact must be resolved in favor of the party seeking remand.  *Onelum v. Best Buy Stores L.P.*, 948 F. Supp. 2d 1048, 1051–52 (C.D. Cal. 2013).  Therefore, the Court finds that Defendants have failed to demonstrate that Sierra cannot be held liable under any possible theory.  *See Verduzco v. Ford Motor Co.*, No. 1:13–cv–01437–LJO–BAM, 2013 WL 5739094, at *8 (E.D. Cal. Oct. 22, 2013) (granting motion to remand negligence complaint where "there is any possibility that the plaintiff could establish liability against the defendant") (citation omitted), *findings and recommendations adopted in full*, 2013 WL 6053833 (E.D. Cal. Nov. 15, 2013). The Court does not find at this time that Sierra's joinder to the lawsuit was fraudulent. Thus, his status as a resident of California extinguishes diversity jurisdiction over this dispute.

        2.      Defendant DeLeon

Plaintiff also argues he identified "another employee believed to have been present at the Subject Location on the date of the accident and [against] whom plaintiff has claims," and that Plaintiff "was in the process of preparing the documents to 'Doe' in this employee . . . [who] was and still is the manager [of the] subject TA location."  (Doc. 8 at 17–18.)  Plaintiff identifies this Defendant as Dena DeLeon, a California resident.  (*Id.* at 20.)

However, as Defendants note, governing statutes plainly instruct that "[i]n determining whether a civil action is removable on the basis of [diversity jurisdiction], the citizenship of defendants sued under fictitious names shall be disregarded." 28 U.S.C. § 1441(b)(1). Therefore, Plaintiff may not rely on the citizenship of DeLeon to establish that complete diversity does not exist.

### B. Amount in Controversy

Under 28 U.S.C. § 1332, federal district courts maintain jurisdiction over civil actions between citizens of different states, so long as the matter in controversy exceeds the sum or value of $75,000, exclusive of interest and costs. To establish that the amount in controversy exceeds the $75,000 threshold, the removing party must present "summary-judgment-type evidence relevant to the amount in controversy at the time of removal." *Valdez v. Allstate Ins. Co.*, 372 F.3d 1115, 1117 (9th Cir. 2004) (quotations omitted).

Plaintiff argues that Defendants did not meet the burden of establishing the amount in controversy exceeded $75,000 because they did not present sufficient evidentiary support. (Doc. 8 at 20.) Plaintiff points to a "purported 'settlement demand'" raised by Defendants, stating that "if any such demand was issued by [Plaintiff's former counsel], the existence of which is uncertain, it should be disregarded as any firm that represented plaintiff at the time alleged no longer currently represents Mr. Thiele in this matter and the basis upon which any such demand may have been made is speculative and uncertain." (*Id.* at 22.) However, given the Court's finding that Plaintiff may be able to prove a case against Sierra for negligence, it does not reach the question of whether Defendants met their burden of proof regarding the amount in controversy.

### III. Request for Fees and Costs

28 U.S.C. § 1447(c) provides that, for a case removed from state court, "[a]n order remanding the case may require payment of just costs and any actual expenses, including attorney fees, incurred as a result of the removal." Plaintiff moved this Court to award costs and actual expenses, including attorney's fees, incurred as a result of the case's removal, alleging that the Defendants lacked reasonable basis to believe that removal was proper, failed to provide evidentiary support for removal, and failed to disclose facts necessary to determine removability.

The Supreme Court has stated that, following a remand motion, fees should not be awarded

when there is "an objectively reasonably basis for seeking removal." *Martin v. Franklin Capital Corp.*, 546 U.S. 132, 141 (2005). Furthermore, "removal is not objectively unreasonable solely because the removing party's arguments lack merit." *Lussier v. Dollar Tree Stores, Inc.*, 518 F.3d 1062, 1065 (9th Cir. 2008). And "if the law in the Ninth Circuit is not so clear as to make the removing party's endeavor entirely frivolous, a court will deny the request for attorney's fees." *SWC Inc. v. Elite Promo Inc.*, 234 F. Supp. 3d 1018, 1026 (N.D. Cal. 2017) (citation omitted).

This Court declines to grant Plaintiff's request for fees and costs because Defendants' removal demand was not frivolous. *See, e.g.*, *California Crane Sch., Inc. v. Nat'l Comm'n for Certification of Crane Operators*, No. 2:08–cv–00816–MCE–EFB, 2008 WL 3863426, at *5 (granting remand motion and rejecting fraudulent joinder objection, but declining to grant attorney's fees because "the facts as pled along with the declarations create uncertainty as to the liability of [a defendant] and consequently there was reasonable basis for seeking removal"). Material questions of fact exist as to whether Defendant Sierra owed Plaintiff the requisite duty of care to establish a negligence claim, and Defendants provided concrete factual bases for the contention that Sierra was joined fraudulently.

**IV.     Requests for Rule 11 Sanctions**

Rule 11 states that "[b]y presenting to the court a pleading, written motion, or other paper . . . an attorney . . . certifies that to the best of the person's knowledge, information, and belief, formed after an inquiry reasonable under the circumstances . . . the factual contentions have evidentiary support or, if specifically so identified, will likely have evidentiary support after a reasonable opportunity for further investigation or discovery . . . ." Fed. R. Civ. Proc. R. 11(b)(3). The imposition of Rule 11 sanctions is "an extraordinary remedy, one to be exercised with extreme caution," and is an appropriate response to the filing of "frivolous" filings that are both "baseless and made without a reasonable and competent inquiry." *Lee v. POW! Ent., Inc.*, 468 F. Supp. 3d 1220, 1230–32 (C.D. Cal. 2020).

Plaintiff moved this Court to impose sanctions against counsel for Defendants under Rule 11 of the Federal Rules of Civil Procedure, alleging the notice of removal was not well grounded in fact and was interposed for the purpose of causing unnecessary delay and to needlessly increase the cost of litigation. (Doc. 8.) Plaintiff argues Defendants "failed to provide adequate evidence to support [their] contentions of diversity jurisdiction and amount in controversy" because "[t]here was no admissible

evidence to support the contentions and no supportive evidence regarding the amount in controversy accompanied the notice of removal." (*Id.* at 26.) Plaintiff further states, "Defendants' notice of removal was clearly in bad faith." (*Id.*) As described above, this Court does not consider the removal demand to be frivolous, and so declines to impose Rule 11 sanctions against Defendants' counsel.

In response, Defendants stated that Plaintiff's counsel's failure to "conduct a reasonable and good faith investigation before making unfounded and speculative allegations" violated Rule 11. (Doc. 11, at 9.) Specifically, Defendants assert that Plaintiff's reliance upon "a photo [that] was included with [Plaintiff's] confidential client file from his former firm that depicts what appears to be a TA location which Carlos Sierra's business cards are visible" falls short of counsel's "affirmative duty to investigate the facts surrounding the photo in question to demonstrate it is a good faith and reasonable basis to name Sierra." (*Id.* at 10.) Because the Court grants Plaintiff's motion for remand, it declines to impose Rule 11 sanctions against Plaintiff's counsel.

### V. Conclusion and Order

For the reasons set forth above, the Court **ORDERS**:

1. Plaintiff's motion to remand the case to Superior Court of California, County of Kern is **GRANTED**.
2. Plaintiff's motion to award costs and attorney's fees is **DENIED**.
3. Plaintiff's request for Rule 11 sanctions against Defendant's counsel is **DENIED**.
4. Defendants' request for Rule 11 sanctions against Plaintiff's counsel is **DENIED**.
5. The action is **DISMISSED** without prejudice for lack of jurisdiction; and
6. The Clerk of Court is directed to close this action.

IT IS SO ORDERED.

Dated:   **February 9, 2022**

UNITED STATES DISTRICT JUDGE